IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA            Case No. 4:17cr52-MW

v.

SAMUEL ETUK
_____/

### STATEMENT OF FACTS

COMES NOW THE UNITED STATES OF AMERICA and Samuel Etuk, to provide this factual basis for the acceptance of a guilty plea from Samuel Etuk.

On August 8, 2013, investigators with the Tallahassee Police Department and a United States Postal Service Inspector made a controlled delivery of a package containing one and one-half pounds of marijuana to the residence of the Defendant, Samuel Etuk. The package was addressed to "Michele Johnson." Defendant signed a false name for the package and said that he was expecting it. When law enforcement officers identified themselves, Defendant attempted to retreat into the apartment. He was restrained.

Defendant asked the investigators to step inside, to avoid the attention of his neighbors. He waived his *Miranda* rights and agreed to answer questions. He said that there were two bags of marijuana in the box and that the smaller one was for

FILED IN OPEN COURT THIS
11/9/17
CLERK, U.S. DISTRICT
COURT, NORTH. DIST. FLA.

him. He said the larger bag was for his roommate, Mike Johnson, who he also said was on the lease. There was no "Mike Johnson." The only name on the lease, signed at the beginning of the month, was the Defendant's. No documents in the name "Mike Johnson" were found in the apartment. Only one bedroom appeared to be regularly occupied.

Defendant consented to a search of the apartment, which revealed numerous items consistent with a scheme to obtain things of value by the use of counterfeit credit cards and false identification documents. Implements for the scheme included:

(1) A Fargo DTC1000 ID card printer (prints driver's licenses & ID cards);

(2) An EasyIdea Mini-Laminator (encases cards in clear plastic);

(3) A Wonder PVC card embosser (embosses raised lettering on cards);

(4) An MSR606 magnetic stripe reader/writer (captures data from magnetic stripes and encodes same);

(5) A Mini DX3 portable magnetic stripe reader (skims data);

(6) 182 blank white PVC cards with magnetic stripes;

(7) Seven counterfeit Florida and Illinois driver's licenses, in five other people's names, but bearing Defendant's photograph;

(8) Six debit cards, each bearing Defendant's name, but encoded with account information belonging to other persons;

(9) Blank check stock and counterfeit checks;

(10) Receipts for Western Union transfers to Ghana and Egypt;

(11) Identification card supplies; and

(12) Images reflecting intermediate steps in the production of false driver's licenses.

Items (1), (3), (4), and (5) were each manufactured outside the state of Florida.

Some items found appeared to be goods obtained through the scheme, although telephones and computers seized were also used in the scheme:

(1) Six cellular telephones;

(2) Five computers;

(3) Five televisions sets, several still in boxes; and

(4) Six iPad smart cases, still in boxes.

Once the volume of evidence was recognized, investigators obtained a state search warrant. During the search, a friend of Defendant arrived, carrying two new Sony PlayStation game systems, still in boxes. While the friend claimed that Defendant had offered to sell him the systems, a false driver's license bearing the

friend's photograph was found in the search, indicating that the friend participated in the scheme.

At the police station, Defendant gave a recorded, videotaped interview in which he admitted committing stolen identity tax refund crimes and using access devices to obtain goods by fraud. He admitted re-encoding access devices two or three dozen times. He admitting making driver's licenses and using the laminator to finish them. Because he had trouble composing the licenses, he sent materials to "Jermaine" in Michigan, who helped finish them. The transfers to Egypt and Ghana were payment for credit card information.

Defendant said that he worked at local clubs and obtained identities from lost identification recovered there. The victims "C.C." and "E.A." listed in the indictment are persons who have been identified by law enforcement, one of whom lives in the Tallahassee area.

Defendant said that he had paid a postal carrier for safe addresses for the receipt of proceeds from fraudulent schemes. He called the carrier from the interview and arranged to purchase 30 addresses for $3,000. Several weeks later, the carrier was arrested with diverted mail containing what he thought were debit and/or credit cards, as he was about to deliver them to Defendant. The carrier was

4

successfully prosecuted in this Court. Defendant broke off contact with law enforcement after this arrest.

Forensic examination of electronic devices seized from Defendant's residence revealed emails about using counterfeit cards to get merchandise, the resale of fraudulently obtained merchandise, and the use of false identity and payment instruments in online ordering.

On May 28, 2009, Defendant was arrested in possession of a credit card skimmer.

On June 26, 2012, Defendant was evicted from an apartment. His landlord turned his property over to law enforcement, including a credit card embosser, skimmer, and a laminator.

On September 12, 2016, Defendant was arrested for marijuana possession. In the trunk of the vehicle, officers found another credit card skimmer.

ELEMENTS

The Defendant can be found guilty of possessing document-making implements, in violation of Title 18, United States Codes, Sections 1028(a)(5) and (b)(1), only if the following facts are proven beyond a reasonable doubt:

(1) That Defendant knowingly possessed an implement or device specifically configured for producing identification documents;

(2) That Defendant intended that this implement be used to produce a false identification document; and

(3) That Defendant's possession of the implement was in or affected interstate commerce.

The Defendant can be found guilty of production of false identification documents, in violation of Title 18, United States Codes, Sections 1028(a)(1) and (b)(1), only if the following facts are proven beyond a reasonable doubt:

(1) That Defendant knowingly and without lawful authority produced a false identification document; and

(2) That this production was in or affected interstate commerce.

The Defendant can be found guilty of possessing access device-making equipment with intent to defraud, in violation of Title 18, United States Codes, Sections 1029(a)(4) and (c)(1)(A)(ii), only if the following facts are proven beyond a reasonable doubt:

(1) That Defendant knowingly possessed equipment for the production of access devices;

(2) That Defendant did so with the intent to defraud; and

(3) That Defendant's possession was in or affected interstate commerce.

The Defendant can be found guilty of aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A(1) and (b), only if the following facts are proven beyond a reasonable doubt:

(1) That Defendant knowingly possessed means of identification of another person;

(2) That Defendant did so without lawful authority;

(3) That Defendant did so during and in relation to the production of false identification documents crime charged in Count Two; and

(4) That the Defendant knew the means of identification belonged to an actual person.

|  | CHRISTOPHER P. CANOVA<br>United States Attorney |
|---|---|
| /s/ Joseph F. DeBelder<br>Joseph F. DeBelder<br>Attorney for Defendant | /s/ Michael T. Simpson<br>Michael T. Simpson<br>Assistant United States Attorney<br>Florida Bar No. 254339<br>Northern District of Florida<br>111 North Adams St., 4th Floor<br>Tallahassee, Florida 32301<br>(850) 942-8430<br>michael.t.simpson@usdoj.gov |
| 11/9/17<br>Date | |
| /s/ Samuel Etuk<br>Samuel Etuk | |
| 11/9/17<br>Date | 11/9/17<br>Date |

8