## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA**

v.                                                                Case No. 4:17cr52-MW

**SAMUEL ETUK**

_____/

## MOTION TO CORRECT JUDGMENT

Comes now the United States of America, by and through the undersigned Assistant United States Attorney, and pursuant to Fed. R. Crim. P. 32.2(b)(4)(B) and Fed. R. Crim. P. 36, respectfully moves this Court to correct an error in the Judgment arising from oversight or omission that occurred at the Sentencing Hearing on June 20, 2018, (Doc. 47) and amend the written Judgment accordingly (Doc. 48). In support of this motion, the government states the following:

1.      On November 9, 2017, the defendant pled guilty to Counts One through Four of the Indictment. (Doc. 25)   The Indictment included a criminal forfeiture provision, pursuant to Title 18, United States Code, Sections 982(a)(2)(B), 1028(b)(5), 1028(h) and 1029(c)(1)(C), and Title 28, United States Code, Section 2461(c). (Doc. 1)

2.      On May 24, 2018, the Court entered a Preliminary Order of Forfeiture against the property that was described in Government's Exhibit 1 in its Motion for

1

Preliminary Order of Forfeiture (ECF No. 38-1) and that was referenced in this Court's Preliminary Order of Forfeiture. (Doc. 39)

3. On June 24, 2018, the Court sentenced the defendant to twelve months as to Counts One, Two, and Three, concurrently, and twenty-four months as to Count Four all to run consecutively, for a total of thirty-six months'. The defendant was also ordered to pay a $400.00 Special Monetary Assessment. (Doc. 48)

4. At present, the forfeiture is not mentioned in the Judgment.  As set out below, forfeiture is a mandatory provision of the statutes that prescribes the penalties in this case.

5. Fed. R. Crim. P. 32.2(b)(4)(B) states that "[t]he court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing.  The court must also include the forfeiture order, directly or by reference, in the judgment, but the court's failure to do so may be corrected at any time under Rule 36."

6. Fed. R. Crim. P. 36, provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

7.      Thus, if the trial court does not orally announce a mandatory sentencing provision under federal law at the sentencing allocution, Rule 36 permits a correction to the record.

8.      There is no prejudice to the defendant. The Preliminary Order of Forfeiture put the defendant on notice that the defendant's interest in the property that was described in Government's Exhibit 1 in its Motion for Preliminary Order of Forfeiture (ECF No. 38-1) and that was referenced in this Court's Preliminary Order of Forfeiture (Doc. 39) was forfeited.   Moreover, counsel for the defendant does not objection to this motion.

WHEREFORE, the United States requests that the Court correct the Judgment to include the forfeiture of the property that was described in Government's Exhibit 1 in its Motion for Preliminary Order of Forfeiture (ECF No. 38-1) and that was referenced in this Court's Preliminary Order of Forfeiture. (Doc. 39)

Dated this 7th day of November, 2018.

        Respectfully submitted,

        CHRISTOPHER P. CANOVA
        United States Attorney

        */s/ Michael J. Harwin*_____
        Michael J. Harwin
        Assistant United States Attorney
        Georgia Bar No. 335605
        Northern District of Florida
        111 N. Adams Street, Fourth Floor
        Tallahassee, FL 32301
        (850) 942-8430
        michael.harwin@usdoj.gov

## RULE 7.1(B) CERTIFICATION

I HEREBY CERTIFY that I have contacted Joseph Frans Debelder, counsel for Samuel Etuk, and he does not object to the Judgment correction regarding forfeiture.

        */s/ Michael J. Harwin*_____
        Michael J. Harwin
        Assistant United States Attorney

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

I HEREBY CERTIFY that this memorandum complies with the type-volume and word limitation of Local Rule 7.1(F), 8,000 words, because this document contains <u>724</u> words.

        */s/ Michael J. Harwin*_____
        Michael J. Harwin
        Assistant United States Attorney