AO 245B    (Rev. 09/17) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## Northern District of Florida

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| **v.** | |
| SAMUEL ETUK | Case Number:     4:17CR00052-001 |
| | USM Number:    25729-017 |
| | Joseph DeBelder, FPD |
| | Defendant's Attorney |

## THE DEFENDANT:

☒ pleaded guilty to count(s)   1, 2, 3 and 4 on November 9, 2017

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1028(a)(5) and 18 U.S.C. § 1028(b)(1) | Possession of Document-Making Implements | August 8, 2013 | 1 |
| 18 U.S.C. § 1028(a)(1) and 18 U.S.C. § 1028(b)(1) | Production of False Identification Documents | August 8, 2013 | 2 |
| 18 U.S.C. § 1029(a)(4) and 18 U.S.C. § 1029(c)(1)(A)(ii) | Possession of Device-Making Equipment With Intent to Defraud | August 8, 2013 | 3 |
| 18 U.S.C. § 1028A(a)(1) and 18 U.S.C. § 2 | Aggravated Identity Theft, Aiding and Abetting | August 8, 2013 | 4 |

The defendant is sentenced as provided in pages 2 through ___8___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐    The defendant has been found not guilty on count(s)

☐    Count(s) _____  ☐ is  ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

June 20, 2018
Date of Imposition of Judgment

s/Mark E. Walker
Signature of Judge

Mark E. Walker, United States District Judge
Name and Title of Judge

November 8, 2018, nunc pro tunc June 20, 2018
Date

AO 245B      (Rev. 09/17) Judgment in Criminal Case
             Sheet 2 — Imprisonment

Judgment — Page    2    of    8   

DEFENDANT:          SAMUEL ETUK
CASE NUMBER:        4:17CR00052-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **36 months, consisting of 12 months as to Counts 1, 2 and 3, to be served concurrently and 24 months as to Count 4, to be served consecutive to Counts 1, 2 and 3. This Court has no objections to this sentence running concurrently to any sentence imposed in the related State of Georgia case.**

☒      The court makes the following recommendations to the Bureau of Prisons:
       **1.   BOP designation as near as possible to Seagoville, Texas.**

☒      The defendant is remanded to the custody of the United States Marshal.

☐      The defendant shall surrender to the United States Marshal for this district:

     ☐   at _____ ☐ a.m. ☐ p.m.  on _____ .

     ☐   as notified by the United States Marshal.

☐      The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☐   before 2 p.m. on _____ .

     ☐   as notified by the United States Marshal.

     ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B      (Rev. 09/17) Judgment in a Criminal Case
             Sheet 3 — Supervised Release

---

Judgment—Page __3__ of __8__

DEFENDANT:         SAMUEL ETUK
CASE NUMBER:       4:17CR00052-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **3 years, consisting of 3 years as to Counts 1, 2 and 3 and 1 year as to Count 4, all counts to run concurrently.**

# MANDATORY CONDITIONS

1.   You must not commit another federal, state or local crime.

2.   You must not unlawfully possess a controlled substance.

3.   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
     ☐   The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)

4.   ☐   You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)

5.   ☒   You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)

6.   ☐   You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

7.   ☐   You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B     (Rev. 09/17) Judgment in a Criminal Case
            Sheet 3A — Supervised Release

| | | | | |
|---|---|---|---|---|
| | Judgment—Page | 4 | of | 8 |

DEFENDANT:        SAMUEL ETUK
CASE NUMBER:      4:17CR00052-001

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the mandatory standard and any special conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at www.uscourts.gov.


Defendant's Signature _____     Date _____
USPO Officer's Signature _____     Date _____

AO 245B   (Rev. 09/17) Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page ___5___ of ___8___

DEFENDANT:         SAMUEL ETUK
CASE NUMBER:       4:17CR00052-001

## SPECIAL CONDITIONS OF SUPERVISION

1. As directed by the probation officer, the defendant shall enroll in the probation office's Computer and Internet Monitoring Program (CIMP), and shall abide by the requirements of the CIMP program and the Acceptable Use Contract.

2. The defendant must submit to testing to determine whether he is using drugs or alcohol.

3. The defendant must successfully participate in substance-abuse treatment consisting of an initial evaluation by a probation officer or outside provider and any further appropriate treatment. The treatment may include cognitive behavioral therapy.

AO 245B     (Rev. 09/17) Judgment in a Criminal Case
            Sheet 5 — Criminal Monetary Penalties

Judgment — Page     6     of     8

DEFENDANT:            SAMUEL ETUK
CASE NUMBER:          4:17CR00052-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $400.00 | | | |

☐   The determination of restitution is deferred until          An *Amended Judgment in a Criminal Case (AO245C)* will be entered
    after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment.  However, pursuant to 18 U.S.C. §
    3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

☐   Restitution amount ordered pursuant to plea agreement $

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before
    the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be
    subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐   the interest requirement is waived for the          ☐   fine          ☐   restitution

    ☐   the interest requirement for the          ☐   fine          ☐   restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September
13, 1994, but before April 23, 1996.

AO 245B     (Rev. 09/17) Judgment in a Criminal Case
            Sheet 6 — Schedule of Payments

Judgment — Page ___7___ of ___8___

DEFENDANT:          SAMUEL ETUK
CASE NUMBER:        4:17CR00052-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☒  Lump sum payment of $ __400.00__  due immediately, balance due

       ☐  not later than _____ , or
       ☐  in accordance  ☐ C,  ☐  D  ☐  E, or  ☐  F below; or

**B**  ☐  Payment to begin immediately (may be combined with  ☐  C,  ☐  D, or  ☒  F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
       _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
       _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
       term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
       imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐  Special instructions regarding the payment of criminal monetary penalties:

Any criminal monetary penalty ordered by the court shall be due and payable in full immediately. Present and future Assets are subject to enforcement and may be included in the treasury offset program allowing qualified federal benefits to be applied to the balance of criminal monetary penalties.

Payment during the term of supervised release will commence within 60 days after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time.  (fine/restitution) payment shall be due during the period of imprisonment at the rate of not less than $25 per quarter and pursuant to the bureau of prisons' financial responsibility program.  The value of any future assets may be applied to offset the balance of criminal monetary penalties.  The defendant may be included in the treasury offset program, allowing qualified benefits to be applied to offset the balance of any criminal monetary penalties.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

    ☐  Joint and Several

        Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount,
        and corresponding payee, if appropriate.

    ☐  The defendant shall pay the cost of prosecution.

    ☐  The defendant shall pay the following court cost(s):

    ☒  The defendant shall forfeit the defendant's interest in the following property to the United States:   See the attached pages.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B     (Rev. 09/17) Judgment in a Criminal Case
            Sheet 7 — Denial of Federal Benefits

Judgment — Page     8     of     8

DEFENDANT:       SAMUEL ETUK
CASE NUMBER:     4:17CR00052-001

# DENIAL OF FEDERAL BENEFITS
### *(For Offenses Committed On or After November 18, 1988)*

## FOR DRUG TRAFFICKERS PURSUANT TO 21 U.S.C. § 862

IT IS ORDERED that the defendant shall be:

☐   ineligible for all federal benefits for a period of

☐   ineligible for the following federal benefits for a period of

*(specify benefit(s))*

### OR

☐   Having determined that this is the defendant's third or subsequent conviction for distribution of controlled substances, IT IS
ORDERED that the defendant shall be permanently ineligible for all federal benefits.

## FOR DRUG POSSESSORS PURSUANT TO 21 U.S.C. § 862(b)

IT IS ORDERED that the defendant shall:

☐   be ineligible for all federal benefits for a period of

☐   be ineligible for the following federal benefits for a period of

*(specify benefit(s))*

☐   successfully complete a drug testing and treatment program.

☐   perform community service, as specified in the probation and supervised release portion of this judgment.

IS FURTHER ORDERED that the defendant shall complete any drug treatment program and community service specified in
this judgment as a requirement for the reinstatement of eligibility for federal benefits.


**Pursuant to 21 U.S.C. § 862(d), this denial of federal benefits does not include any retirement, welfare, Social Security,
health, disability, veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are
required for eligibility.  The clerk is responsible for sending a copy of this page and the first page of this judgment to:**

**U.S. Department of Justice, Office of Justice Programs, Washington, DC 20531**

**U.S. v. SAMUEL ETUK**

**CASE NO. 4:17cr52**

**ATTACHMENT TO AMENDED JUDGMENT**

1.      A Black and Gray case containing eighty assorted DVD's and CD's;

2.      A Black LG cell phone model G-PLG840GB, SN: 209CQZP049309;

3.      A Black Point Blank Ballistic Vest Panel, SN: HC93000581;

4.      A Black Point Blank Ballistic Vest Panel, SN: HC93000582;

5.      A Black Point Blank Ballistic Vest Panel, SN: HC93000584;

6.      A Black Samsung cell phone model SCH-R455C, SN:
        A00000300039007;

7.      A Blackberry Curve T-Mobile cell phone, IMEI: 353906033369704;

8.      A Blue Hardlock Thumb Drive;

9.      A Blue Safariland Ballistic Vest Carrier;

10.     A Blue Safariland Ballistic Vest Panel, SN: 386674;

11.     A Box of standard blue business checks;

12.     A Cannon Powershot A3103.2 MP Digital Cameral with USB cable;

13.     A Canon Pixma MG5220 printer with power cord;

14.     A CardEQ E2000 Manual Card Embosser;

15.     A Compaq Presario C700 laptop with missing "5" key, SN:
        CND74219D3;

16.     Two Cruzer Glide 8GB USB drives;

17. A Dark Gray Samsung Galaxy S4 cell phone with cracked screen, SN: RV1D55VJFRX;

18. A Dell Dimension 4600 Computer Tower, SN: CNOUO314429403500087;

19. A Dell Inspiron 18100 Laptop without hard drive, Service Tag: 49R1W01;

20. A Dell PP39L Laptop, Service Tag: 10940688901;

21. A Fellowes Jupiter 125 Laminator with power cord;

22. A Fujitsu Serial ATA Hard DRive 250 GB, SN: K413T7C2BE3F;

23. A genuine Lowes Gift Card, Account # XXXX XXXX XXXX XXXX 669;

24. A genuine Walmart Money Card Account #XXXX XXXX XXXX 0183;

25. A Gray Apple iPhone 5S with black and yellow case model A1533;

26. A Hitachi 60GB Hard Drive, SN: VNVB02G2CKXEXV;

27. A HP Pavilion DV6000 Laptop;

28. A HP PSC 1401 All-in-one Printer/Scanner/Copier, SN: Q7299A;

29. A HTC MyTouch cell phone with cracked screen, SN: SH0B8T608902;

30. A KingMax 32MB Micro SD Card;

31. A Kodak 1 GB SD Card;

32. A LG T-Mobile Cell phone, SN: 104KPKN046221;

33. A LG Verizon Flip Phone, SN: 101CYFT0668859;

34.     A Magnetic Stripe Reader program mini CD;

35.     A Motorola Tracphone MP3 Flip Phone with SIM card, IMEI: 012907002714196;

36.     A Nokia C5 cell phone, IMEI: 355934040763105;

37.     A Package of eighty-five plastic cards with magnetic stripes, and a Box of seventy-eight white plastic cards with barcodes;

38.     A Rose Gold and White Apple iPhone 6S with clear case, Model A1688;

39.     A Samsung Trackphone with SIM Card SN: RPKB141948L;

40.     A Sandisk 512 MB Micro SD Card and Lexar Micro SD Adapter;

41.     A Seagate Serial ATA Hard Drive 320 GB, SN: 5VJ8LQ1T;

42.     A Silver HTC ITouch cell phone with cracked screen, SN: HT0AWT600101;

43.     A TomTom GPS with car power cord, SN: GJ1370G04522;

44.     A Toshiba Satellite A100 Laptop, SN: 17359045Q;

45.     A Toshiba Desk HDD2D61 Hard Drive;

46.     A Velcro Police Patch for Ballistic Vest;

47.     A Viper 250 Digital Scale;

48.     A Western digital hard drive WD 800;

49.     An Alcatel One Touch cell phone, Model A460G, SN: 014350003372672;

50.     An AMW 600 Digital Scale;

51.     An Apple iPad Mini model MD528LL/A, SN: F4NKGKLMF193;

52.     An Apple iPad Mini with black case, Model A1490, SN: F9FS84CEFLMI;

53.     An Apple iPhone 7 model A1660, FCC-ID: 8CG-E3085A, IC: 579C-E3085A;

54.     Compaq Presario CQ60 Laptop with power cord, SN: 2CE91289D5;

55.     Laminating Sleeves;

56.     Magnetic Stripe Reader/Writer MSR705, SN: A6150811460;

57.     Magnetic Stripe Reader/Writer MSR905 with power cord, SN: 10111091480;

58.     One hundred and eighty-two White PVC cards bearing magnetic stripes;

59.     Seven White PVC Cards bearing magnetic stripes;

60.     Six (6) ID card hologram over lays with small round seal that states: "The Official Seal - The Mark of Business Trust";

61.     Two (2) glass pipes, with a revolver shaped grinder and rolling papers;

62.     Two bottles of 2.0 oz. deer antler velvet extract; and

63.     Two Emerson Sensi Wi-Fi Thermostats, Model UP500W new in box.